UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARTANION EDWARDS,

                Petitioner,                Case Number 2:13-cv-11119
                                                              Honorable Sean F. Cox

CINDI CURTIN,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
AND GRANTING A CERTIFICATE OF APPEALABILITY AS TO CLAIMS ONE AND
TWO**

This matter is before the Court on Petitioner Dartanion Edwards' petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted in the Genesee Circuit Court of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a)); assault with intent to commit murder, MICH. COMP. LAWS § 750.83; carrying a concealed weapon, MICH. COMP. LAWS § 750.227; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. As a result of these convictions Petitioner is currently serving a life sentence for the first-degree murder conviction, 171-to-324 months for the assault with intent to murder conviction, 19-to-60 months for the carrying a concealed weapon conviction, and a 2-year consecutive sentence for the felony firearm conviction. The petition raises six claims: (1) the trial court erred in failing to grant a mistrial after a prosecution witness testified that Petitioner failed a polygraph exam; (2) Petitioner's confrontation rights were violated by the admission of unreliable hearsay; (3) the trial court erred in allowing the admission of highly prejudicial testimony regarding prior statements made by witnesses; (4) the trial court erred in allowing the admission of prejudicial opinion testimony from a police officer; (5) insufficient evidence of Petitioner's identity as one of the

perpetrators was presented to sustain his convictions; and (6) the verdict was against the great weight of the evidence. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also grant Petitioner a certificate of appealability as to claims one and two only and permission to proceed on appeal *in forma pauperis*.

## I. Facts and Procedural History

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Evidence was presented at trial that defendants Christian and Hinton approached 14–year–old Robert Person on October 9, 2007, while Person was walking with Jarylle Murphy in the vicinity of the Regency apartment complex in Flint. Christian and Hinton accused Person of being a "snitch" and threatened to "get" him for snitching. Person was still with Murphy later in the day when Murphy saw all four defendants behind them. Murphy explained that he looked back because he is self-conscious about people being behind him. Murphy spoke to Person and then looked back at the group a second time. He saw the defendants pull out guns. Murphy ran away and heard gunshots as he was running. Person died from multiple gunshot wounds. A 7.62 by 39 millimeter fired bullet was recovered from Person's body during an autopsy.
>
> The police later recovered a .38 caliber gun that was linked to shell casings that were found at the scene of the shooting. That gun belonged to William Harris's girlfriend, but the prosecution presented evidence that defendant Christian hid the gun behind a gas station following a different shooting incident on October 13, 2007, during which Perry Manuel was shot while operating a vehicle in which defendant Christian was a passenger. On October 16, 2007, Murphy viewed a photographic lineup and identified defendant Hinton as one of the persons in the group who shot Person. In November 2007, Murphy identified the other three defendants in photographic lineups.
>
> Robert Moore, who was lodged in jail with defendants Christian and Joshun after they were arrested, testified at trial that defendants Christian and Joshun both told him that they had killed Person and that both sought his help in killing Murphy. Another prosecution witness, Ashlie Dye, who was familiar with defendant Christian and was in the area where Person was shot, testified that she saw defendant Christian shooting at Person.

> Defense proofs indicated that three of the defendants ended up at the Terrace apartments, which is located south of the Regency apartment complex, on the night of the shooting. Defendant Dartanion presented evidence that he was with two friends when the shooting occurred, and that they eventually drove to the Terrace apartments, where Dartanion's brother Joshun told them about a boy being killed in front of the Regency apartment complex. Defendant Joshun presented evidence that he was in the parking lot at the Terrace apartments when the shooting occurred, and that he learned about the shooting from Mickey Jones, who was at the Terrace apartments. Defendant Joshun also stated that he spoke with defendant Hinton while Joshun was in the parking lot. Defendant Christian presented evidence that he was selling drugs on the night of the shooting. He testified that Manuel, Harris, and a person known as "Pooh Bear" were present, but that these individuals left with guns after receiving a telephone call. Various witnesses also testified regarding Harris and Manuel making statements about shooting Person. Jesse Mays testified that he killed Manuel, but it was determined to be a justifiable homicide. Mays testified that Manual told him approximately three weeks before he died that he had shot Person and that all four defendants were innocent.

*People v. Christian*, No. 294871, 2011 WL 4424347, at *1-2 (Mich. Ct. App. Sept. 22, 2011).

Based on this evidence Petitioner was convicted and sentenced as indicated above.

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief and his *pro se* supplemental brief raised the six claims that he raises in the instant petition. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Edwards*, 819 N.W.2d 882 (Mich. 2012) (table). Petitioner then filed his habeas petition, raising the same claims he presented to the state courts.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010) ((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A]

state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

#### A. Testimony Regarding Failed Polygraph Test

Petitioner's first claim asserts that he was denied a fair trial when Moore, a jail-house informant, testified that Petitioner had failed a polygraph test. Petitioner's counsel objected to the unsolicited testimony and requested a mistrial. The trial court denied the request, but it instructed the jury to "disregard any references by this witness to any alleged lie detector or polygraph examination and you are to draw no conclusions whatsoever from his comments."

Petitioner is not entitled to habeas relief on this claim. First, jurors are presumed to follow their instructions, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), and Petitioner has not demonstrated why the jury would have been unable to follow the cautionary instruction in this case.

Second, the Supreme Court has never held that testimony or evidence which implies the results of a polygraph or similar test renders a criminal defendant's trial fundamentally unfair in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Maldonado v. Wilson*, 416 F.3d 470, 477 (6th Cir. 2005). To grant habeas relief to Petitioner based on such a claim "would necessarily imply that the Constitution requires all states to have rules of evidence precluding some testimony about truth tests." *Id.*, at 478. Because no Supreme Court precedent demands this result, the Michigan Court of Appeals' rejection of Petitioner's claim was not unreasonable under 28 U.S.C. § 2254(d). *Id*. Petitioner is therefore not entitled to habeas relief on this claim.

#### B. Co-defendant's Statement to Jailhouse Informant

Petitioner's second claim asserts that his co-defendant's statement to a jail-house informant implicating him in the crime should not have been admitted under Michigan Rule of Evidence

804(b)(3) because it was not reliable.

First, to the extent Petitioner asserts that the state court erred under Rule 804(b)(3), the claim is not cognizable. "Errors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F. 3d 363, 370 (6th Cir. 1994).

The constitutional aspect of the claim is also without merit. Although the admission of certain hearsay evidence can violate the Confrontation Clause of the Sixth Amendment, the Confrontation Clause applies only to testimonial hearsay. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). A statement is testimonial when, judged in the totality of the circumstances, it was generated by police interrogation meant to investigate past events potentially relevant to criminal proceedings. *Davis v. Washington*, 547 U.S. 813, 822 (2006). The Supreme Court has made it clear that if a hearsay statement is non-testimonial, the Confrontation Clause simply does not apply and admissibility is governed by the appropriate state law rules of evidence. *Whorton v. Bockting*, 549 U.S. 406, 413-14 (2007).

The statement at issue here was made by a co-defendant to a jail-house informant. The whole purpose of using a confidential informant is so that the declarant does not know his incriminating statement will be used against him. Therefore, no reasonable person in the co-defendant's position would anticipate that the statement would be used in court or in the police investigation. *See United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009) (out-of-court statements made to close friends, undercover officers, and confidential informants not testimonial). The statement was not testimonial and Petitioner's constitutional rights were not implicated by its admission into evidence.

Finally, there is no violation of the Sixth Amendment Confrontation Clause when the witness

testifies at trial and is subject to unrestricted cross-examination. *See United States v. Owens*, 484 U.S. 554, 560 (1988); *see also Crawford,* 541 U.S. at 59, n. 9. As the Supreme Court has explained, "where the declarant is not absent, but is present to testify and to submit to cross examination, our cases, if anything, support the conclusion that the admission of his out of court statements does not create a confrontation clause problem." *California v. Green*, 399 U.S. 149, 162 (1970). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Owens*, 484 U.S. at 560 (internal citations omitted). In Petitioner's joint trial, his co-defendant testified. Petitioner was given an opportunity to cross examine co-defendant, and if he wanted to, he could have cross-examined him regarding his statement to the informant. Dkt. 12-1, TT. IX, p.178.

This claim is therefore without merit.

**C. Witnesses' Prior Statements to Police**

Petitioner next asserts that the prosecutor committed misconduct by using prior inconsistent statements of jail-house witnesses Turner and Gateway as substantive evidence. The witnesses essentially repudiated their prior statements during direct-examination, and in fact Turner claimed he had not spoken with the police at all about the case. Petitioner also asserts that his counsel was ineffective for failing to object to the use of the prior statements in this way.

The record shows that the trial court allowed the evidence of the prior statements to be used to attack the credibility of these witnesses pursuant to state evidentiary law. Unless a violation of a state evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Coy v. Renico*, 414 F. Supp. 2d 744, 756 (E.D. Mich.

2006). Under Michigan law, evidence of a witness's prior inconsistent statement may be admitted to impeach a witness even though the statement tends directly to inculpate the defendant. *Cathron v. Jones*, 190 F. Supp. 2d 990, 999 (E.D. Mich. 2002) (citing *People v. Kilbourn*, 454 Mich. 677, 682 (1997)); See also M.R.E. 613. Any claim involving the improper admission of the witnesses' prior inconsistent statements is therefore not cognizable in a federal habeas corpus proceeding. See e.g. *Bolton v. Nelson*, 426 F. 2d 807, 809 (9th Cir. 1970) (whether procedure followed by state court in permitting use of prior inconsistent statement was in violation of state decisional rule was not matter for federal district court to decide, on petition for habeas corpus); see also *Roland v. Mintzes*, 554 F. Supp. 881, 890 (E.D. Mich. 1983) (alleged misapplication of state law in impeachment by prosecutor of petitioner's accomplice with prior inconsistent statements was not cognizable in federal habeas corpus proceedings). Even the use of a witness's prior inconsistent statement as substantive evidence, and not merely for impeachment purposes, is not an error of constitutional dimension. *See Isaac v. United States*, 431 F. 2d 11, 15 (9th Cir. 1970).

Moreover, any possible use of the prior inconsistent statements by the prosecutor as substantive evidence did not render petitioner's trial fundamentally unfair in light of the trial court's instruction to the jury that the lawyers' statements and arguments were not evidence. See *Adams v. Holland*, 168 Fed. Appx. 17, 20 (6th Cir. 2005). Simply put, "[T]he prosecutor's use of the statement in argument did not transmute the statement's evidentiary use from impeachment to substantive evidence of guilt." *Id*. at 21. Petitioner is therefore not entitled to habeas relief on this claim.

Petitioner's ineffective assistance of counsel claim must also fail. Counsel's failure to make a meritless objection does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010).

**D. Police Officer Opinion Evidence**

Petitioner next claims that the trial court erred in allowing a police officer to give her opinion on whether the information she received from witnesses was consistent with her investigation and identified the right suspects. The testimony came during the prosecutor's rebuttal case and responded to attacks made by Petitioner and his co-defendants on the thoroughness of the investigation.

In *Cooper v. Sowders*, 837 F.2d 284 (6th Cir. 1988), the Sixth Circuit held that it was fundamentally unfair and a violation of due process to permit a detective to testify as an expert witness that all the evidence linked the petitioner, and no one else, to the crime. The Sixth Circuit concluded that "[t]he opinion-testimony had a direct influence on the jury's consideration of petitioner's guilt or innocence." *Id.* at 287.

However, the Sixth Circuit's holding in *Cooper* does not entitle Petitioner to habeas relief. The prosecution elicited testimony from the officer as to the consistency between statements made by witnesses and the physical evidence, in order to explain her reason for focusing her investigation on Petitioner and the co-defendants. She did not directly give her opinion regarding the veracity of the witnesses. Given that the testimony was made in response to a Petitioner's challenge to the investigation, Petitioner was not deprived of a fair trial. *See Nieto v. Lamarque*, 410 Fed. Appx. 37, 39 (9th Cir. 2010).

Secondly, the witness was not presented as an expert witness at Petitioner's trial. Rather, she testified in defense of her own investigation, and the jury was instructed to judge a police officer's testimony by the same standard as the testimony of any other witness. *See* e.g. *Norton v. Boynton*, 2011 U.S. Dist. LEXIS 7275, 2011 WL 282433, * 8 (E.D. Mich. January 26, 2011).

Lastly, while it is true that the prosecutor asked the officer whether she was confident that she had identified the correct individuals who committed the crime, the record shows that the officer never answered the question after an objection was made.

Therefore, this claim does not merit habeas relief.

### E. Sufficiency of the Evidence

Petitioner's next claim asserts that insufficient evidence was presented at trial to sustain his convictions. Specifically he asserts that there was insufficient evidence to identify him as one of the perpetrators of the crime.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson*, 443

U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*.

Murphy, the surviving victim, identified Petitioner as one of the men who pulled a gun and starting shooting. Petitioner's sufficiency challenges amounts to a challenge to the reliability of Murphy's identification. However, "attacks on witness credibility are simply challenges to the quality of the [prosecution's] evidence and not to the sufficiency of the evidence." *Martin v. Mitchell*, 280 F. 3d 594, 618 (6th Cir. 2002) (citation omitted). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 132 (2010), (quoting *Jackson*, 443 U.S. at 326).

According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain Petitioner's conviction did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

**F. Great Weight of the Evidence**

Petitioner also asserts in a related claim that he is entitled to a new on the grounds that the verdict was against "the great weight of the evidence."

A federal habeas court has no power to grant a habeas petition on the grounds that the state

conviction is against the great weight of the evidence. *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004) (citing *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich 2003); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002)); *see also Artis v. Collins*, 14 F. App'x 387 (6th Cir. 2001) (declining to grant a certificate of appealability on the petitioner's claim that the jury's verdict was against the manifest weight of the evidence). Thus, Petitioner's great-weight-of-the-evidence claim is not cognizable on habeas review.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

The Court concludes that a certificate of appealability is warranted in this case with respect to Petitioner's first and second claims because reasonable jurists could debate the Court's assessment of those claims. The Court notes that Petitioner's convictions were supported by the

testimony of a single identifying eyewitness. Reasonable jurists could debate this Court's assessment of whether the erroneous ballistics evidence and the allegedly suppressed deal given to the jail house informant had a substantial impact on the result of Petitioner's trial given the fact that there was not overwhelming evidence of Petitioner's guilt presented at trial.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED** as to Petitioner's first and second claims but is **DENIED** as to all other claims.


Dated:  October 16, 2014            S/ Sean F. Cox
                                    Sean F. Cox
                                    U. S. District Judge


I hereby certify that on October 16, 2014, the foregoing document was served on counsel of record via electronic means and upon Datanion Edwards via First Class mail at the address below:

Dartanion Edwards 721231
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

                                    S/ J. McCoy
                                    Case Manager